## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES REUBEN FUNK,　　　　:
　　　　　　Plaintiff　　　　　:　　　CIVIL ACTION NO. 3:15-CV-0548
　　　　　　　　　　　　　　　　:　　　(Judge Nealon)
　　　v.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
JOHN E. WETZEL,　　　　　　　:
　　　　　　Defendant　　　　　:

## MEMORANDUM

On March 19, 2015, Plaintiff, Charles Reuben Funk, an inmate currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), Waynesburg, Pennsylvania, filed the above-captioned pro se action against John E. Wetzel, Secretary for the Pennsylvania Department of Corrections, asserting causes of action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  On March 24, 2015, Plaintiff filed a motion to proceed in forma pauperis.  (Doc. 6).  On March 30, 2015, Plaintiff filed a supplement to his complaint.  (Doc. 9).

An initial screening of the complaint and supplement has been conducted, and for the reasons set forth below, the motion to proceed in forma pauperis will be granted for the sole purpose of filing the instant action, and the action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).

## I.　STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma

pauperis actions that are frivolous, malicious, fail to state a claim, or seek

monetary relief from a defendant who is immune from such relief. See 28 U.S.C.

§ 1915(e)(2). "A complaint...is frivolous where it lacks an arguable basis either in

law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Section

1915(e)(2)(B)(i) gives a court the authority to 'dismiss a claim based on an

indisputably meritless[] legal theory, but also the unusual power to pierce the veil

of the complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless.'" Soder v. Chenot, 2007 U.S. Dist. LEXIS

93657, *5 (M.D. Pa. 2007) (Jones, J.) (quoting Neitzke, 490 U.S. at 327). "Thus,

in determining whether a claim is frivolous, 'a court is not bound...to accept

without question the truth of the plaintiff's allegations' and the court need not

'accept as having an arguable basis in fact, all allegations that cannot be rebutted

by judicially noticeable facts.'" Id. (quoting Denton v. Hernandez, 504 U.S. 25,

32 (1992)). "It also has been determined that 'the frivolousness determination is a

discretionary one,' and trial courts 'are in the best position' to determine when an

indigent litigant's complaint is appropriate for summary dismissal." Hopkins v.

Luzerne Cnty. Dist. Attorney's Office, 2015 U.S. Dist. LEXIS 44597, *3 (M.D.

Pa. Apr. 6, 2015) (Conaboy, J.) (quoting Denton, 504 U.S. at 33).

    "Additionally, a civil rights complaint must comply with Federal Rule of

Civil Procedure 8(a)." <u>Atwater v. Shaffer</u>, 2014 U.S. Dist. LEXIS 87463, *3 (M.D. Pa. 2014) (Jones, J.).  Federal Rule of Civil Procedure 8(a)(2) dictates that to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u>  "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible."  <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005).

Further, <u>pro se</u> complaints are to be liberally construed.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  "However, under no circumstances is a court required to accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations."  <u>Roque v. Gavin</u>, 2013 U.S. Dist. LEXIS 85240, *4-5 (M.D. Pa. 2013) (Caputo, J.) (citing <u>In re Rockefeller Ctr. Props., Inc. Secs. Litig.</u>, 311 F.3d 198, 215 (3d Cir. 2002); <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 n.8 (3d Cir. 1997)).  Additionally, "[p]ro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile."

Roque, 2013 U.S. Dist. LEXIS 85240, *4-5 (citing DelRio-Mocci v. Connolly

Props., Inc., 672 F.3d 241, 251 (3d Cir. 2012)).

## II.   **BACKGROUND**

Plaintiff's complaint and supplement allege that his rights were violated as a

result of Defendant's alleged decision to assign him a "Z code"[1] and place him in a

single-cell.  (Doc. 1, pp. 2-3); (Doc. 9, pp. 2-6).  According to Plaintiff, he

max[ed] on out" in 2009.  (Doc. 9, p. 2).  At which time, Plaintiff's "old max out

number and [his] files" were closed.  (Id.).  Plaintiff alleges that when he "came on

back on in on" "January 15, 2013," he had a new identification number and new

files.  (Doc. 1, p. 2); (Doc. 9, pp. 2-3).  He claims that from January 15, 2013, to

April 19, 2013, he was incarcerated at State Correctional Institution at Camp Hill

and "double celled on up with inmates and never, never had did anything ever

wrong to lose or to get my double celled status taken away."  (Doc. 9, p. 3).

However, he claims that Defendant, presumably at some point after April 19,

2013, assigned Plaintiff a Z code and placed him in a single cell.  (Doc. 1, pp. 2-

3); (Doc. 9, pp. 2-6).  Plaintiff alleges that Defendant, in reaching this

---

1.   "Z code" status indicates that Plaintiff was not cleared to have cellmates.
     See Lester v. Rosato, 2014 U.S. Dist. LEXIS 94085, *2 (M.D. Pa. 2014)
     (Caldwell, J.).  Plaintiff also requests to have his "C Code" and "D Code"
     removed.  (Doc. 9, pp. 4, 6).

determination to assign Plaintiff a Z code and place him in a single-cell, considered Plaintiff's closed files and old max out number.  (Doc. 1, p. 2); (Doc. 9, pp. 2-3).  According to Plaintiff, Defendant was not supposed to re-use Plaintiff's "old max out [and] close[d] files against" him because Plaintiff was on a new "I.D. number [and] new files."  (Doc. 1, p. 2).  He also claims that the Pennsylvania Department of Corrections staff re-opened his "old max out number and files" and used them against him.  (Id. at p. 3); (Doc. 9, p. 2).  Furthermore, Plaintiff alleges that he has been "double celled on up and no problems...."  (Doc. 1, p. 3); (Doc. 9, p. 3).

Plaintiff requests fifty thousand dollars ($50,000.00) "under the grounds of: the unequal rights and discrimination rights and conserary [(sic)] and human rights acts."  (Doc. 1, p. 3); (Doc. 9, pp. 4, 6).  He also seeks removal of his Z code in order to be restored to his double-celled status, to retain such status until his release date of June 28, 2028, a transfer to another institution, and for Defendant to be removed from his position as Secretary for the Pennsylvania Department of Corrections.  (Doc. 1, pp. 3-4); (Doc. 9, pp. 3-6).  In his supplement, Plaintiff also cites to the following as the grounds for his requested relief: "human rights act," "unequal rights act," "discrimination rights act," "prison rights act," "inmate compensation rights act," 18 Pa.C.S. § 2703.1, 18 Pa.C.S. § 3304, and 18 Pa.C.S.

§ 4703.  (Doc. 1, pp. 3-4); (Doc. 9, p. 1).

## III.  <u>DISCUSSION</u>

Under section 1983, an individual may sue state actors to enforce federal statutory and constitutional rights.  42 U.S.C. § 1983.  "To succeed on a § 1983 claim, an individual must prove that: (1) the conduct in question was committed by an individual acting under the color of state law, and, (2) the conduct deprived the claimant of a constitutional right."  <u>Pearson v. Williams</u>, 2015 U.S. Dist. LEXIS 29630, *14 (M.D. Pa. Mar. 11, 2015) (Caldwell, J.) (citing <u>Parratt v. Taylor</u>, 451 U.S. 527 (1976); <u>Harvey v. Plains Twp. Police Dep't</u>, 421 F.3d 185, 189 (3d Cir. 2005)).  A defendant in a civil rights action "must have personal involvement, including participation, or actual knowledge and acquiescence, to be liable."  <u>Tenon v. Dreibelbis</u>, 2015 U.S. Dist. LEXIS 5177, *15 (3d Cir. Mar. 31, 2015) (per curiam) (citing <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207) (3d Cir. 1988)).  "'[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.'"  <u>Hopkins</u>, 2015 U.S. Dist. LEXIS 44597, *4-5 (quoting <u>Rode</u>, 845 F.2d at 1207).

"At the outset, it is well established that the United States Constitution does

not confer any right upon an inmate to any particular custody or security

classification." Keeling v. Barrager, 2014 U.S. Dist. LEXIS 46955, *16 (M.D. Pa.

2014) (Nealon, J.) (citing Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v.

Haymes, 427 U.S. 236, 242 (1976)).  "[T]he decision where to house inmates is at

the core of the prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39

(2002).  "An inmate does not have a protected liberty interest arising from the Due

Process Clause to be assigned to a particular custody level, security classification,

or place of confinement." Roque, 2013 U.S. Dist. LEXIS 85240, *4-5 (citing

Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005); Thomaston v. Meyer, 519 F.

App'x 118 (3d Cir. 2013) (per curiam)).  "Likewise, an inmate does not have a due

process right to remain at, or be transferred to, a prison of his choice." Roque,

2013 U.S. Dist. LEXIS 85240, *5 (citing Olim v. Wakinekona, 461 U.S. 238, 245

(1983)).

Thus, to the extent Plaintiff claims that Defendant violated his due process

rights by assigning him a Z code and placing him in a single-cell, his claim will be

dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).  Similarly, since

Plaintiff lacks a due process right to be transferred to a prison of his choice, his

request to be transferred to another institution will be dismissed as frivolous

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).

7

To the extent that Plaintiff attempts to raise a section 1983 claim under the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, it will be dismissed.  To establish an equal protection claim under section 1983, Plaintiff must prove that Defendant's "discriminatory action was purposeful...." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 273 (3d Cir. 2014).  Plaintiff "must [also] demonstrate that [he] 'receiv[ed] different treatment from that received by other individuals similarly situated.'" Id. (quoting Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990)) (second alteration in original).  Additionally, Plaintiff must allege that Defendant was personally involved in the alleged constitutional deprivation.  Carpenter v. Kloptoski, 2010 U.S. Dist. LEXIS 22262, *30-31 (M.D. Pa. 2010) (Conner, J.).

Plaintiff fails to allege any facts that he was a member of a protected class or that he was treated differently from similarly situated persons.  Similarly, he does not claim "any intentionally different treatment that was so exceptionally arbitrary that it could state a 'class of one' equal protection claim." Stewart v. Varano, 2015 U.S. App. LEXIS 1998, *6-7 (3d Cir. Feb. 9, 2015) (per curiam) (citing Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 286 (3d Cir. 2004)).  Plaintiff does not allege any facts that Defendant committed any discriminatory acts, let alone whether such discrimination was purposeful or intentional rather than

8

incidental. Rather, the only allegations that can be construed as references to an equal protection claim are Plaintiff's allegation that the unequal rights and discrimination rights acts are two of the grounds for his requested relief. (Doc. 1, p. 3); (Doc. 9, p. 1). As a result, Plaintiff's section 1983 claim under the Equal Protection clause is without sufficient factual averments to avoid dismissal.

Assuming, without deciding, that Plaintiff had alleged that he was a member of a protected class and that he was treated differently from similarly situated persons, he fails to allege that Defendant was personally involved in the decision to assign him a Z code and place him in single-cell classification. While Plaintiff does claim that Defendant re-opened his closed file and "max out number" to use it against Plaintiff, such an allegation is based solely on Defendant's supervisory role as Secretary of the Pennsylvania Department of Corrections, (Doc. 1, pp. 2-3); (Doc. 9, p. 2), and is not actionable in a section 1983 claim. Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014) ("It is well recognized that '[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.'") (quoting Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012)) (alteration and emphasis in original); see Riley v. Grainey, 2014 U.S. Dist. LEXIS 73462, *16 (M.D. Pa. 2014) (Caputo, J.). Thus, to the extent that Plaintiff's section 1983 claim for a violation of his right to

equal protection is an attempt to impose liability upon Defendant under a theory of respondeat superior, it will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Although respondeat superior is not an actionable theory of liability in a section 1983 action, the United States Court of Appeals for the Third Circuit has identified "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." Barkes, 766 F.3d at 316. First, the Third Circuit has stated that a supervisor-defendant may be liable "if they, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" Id. (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004)). Second, a supervisor-defendant can be found liable under section 1983 is "'if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced' in the subordinate's unconstitutional conduct." Barkes, 766 F.3d at 316 (quoting A.M. ex rel. J.M.K., 372 F.3d at 586).

Plaintiff does not make any allegations that Defendant's establishment or maintenance of a policy, practice, or custom directly caused the alleged constitutional harm. Rather, Plaintiff's section 1983 claim rests solely upon his

allegations that his constitutional rights were violated when the Defendant, and/or his staff, allegedly re-opened Plaintiff's "old max out number and files" and used them against him in making the determination to assign Plaintiff a Z code and place him in a single-cell.  (Doc. 1, pp. 2-4); (Doc. 9, p. 2).  Thus, this Court construes Plaintiff's complaint as an attempt to impose liability upon Defendant under the second option identified in <u>Barkes</u>.  However, even considering Plaintiff's allegations under this theory, his claim still fails.

As stated above, the only complained of conduct is Plaintiff's alleged assignment of a Z code and placement in a single-cell.  <u>Keeling</u>, 2014 U.S. Dist. LEXIS 46955, *16 ("it is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification." ); <u>Roque</u>, 2013 U.S. Dist. LEXIS 85240, *4-5 ("[a]n inmate does not have a protected liberty interest arising from the Due Process Clause to be assigned to a particular custody level, security classification, or place of confinement." ) (citing <u>Wilkinson</u>, 545 U.S. at 221-22; <u>Thomaston</u>, 519 F. App'x at 118); <u>see</u> <u>McKune</u>, 536 U.S. at 39 ("the decision where to house inmates is at the core of the prison administrators' expertise.").  Thus, to the extent that Plaintiff seeks to impose liability upon Defendant under the second option identified in <u>Barkes</u>, his claim fails as a matter of law.

11

Consequently, Plaintiff's section 1983 claim is devoid of any allegations establishing the type of action(s) required to impose supervisory liability against Defendant for the actions of his subordinates.  See Barkes, 766 F.3d at 316 (quoting A.M. ex rel. J.M.K., 372 F.3d at 586).  As a result of the foregoing, Plaintiff's section 1983 claim under the Equal Protection clause will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff also attempts to assert section 1983 claims under 18 Pa.C.S. §§ 2703.1,[2] 3304,[3] 4703.[4]  "Section 1983 does not provide a private right of action for violation of state law."  Riskanin v. Hammer, 2005 U.S. Dist. LEXIS 28135, *16 (E.D. Pa. 2005) (held that the amended complaint did not state a claim under

---

2.    Section 2703.1 in title 18 of the Pennsylvania Consolidated Statutes criminally prohibits "[a] person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth" from "intentionally or knowingly caus[ing] or attempt[] to cause another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material."

3.    Section 3304 in title 18 of the Pennsylvania Consolidated Statutes criminally prohibits criminal mischief.

4.    Section 4703 in title 18 of the Pennsylvania Consolidated Statutes criminally prohibits retaliation for past official action.  A person is guilty of a misdemeanor of the second degree under this section if "he harms another by any unlawful act in retaliation for anything lawfully done by the latter in the capacity of public servant."  18 Pa.C.S. § 4703.

12

section 1983 "for violation of Plaintiff's civil rights pursuant to 18 Pa. Cons. State.

Ann. § 5301, 42 Pa. Cons. Stat. Ann. § 8953, and article I, sections 1, 8, and 9 of

the Pennsylvania Constitution.") (citing Nellom v. Luber, 2004 U.S. Dist. LEXIS

7103 (E.D. Pa. 2004)); see Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992) ("An

alleged violation of state law, however, does not state a claim under section

1983.") (citing Kasper v. Bd. of Election Comm'rs, 814 F.2d 332, 342 (7th Cir.

1987)); see also Stacey v. City of Hermitage, 178 F. App'x 94, 101 (3d Cir. 2006)

(per curiam) (citing D'Errico v. DeFazio, 763 A.2d 424, 430 (Pa Super. 2000)).

As a result, to the extent that Plaintiff is attempting to bring section 1983 causes of

action under 18 Pa.C.S. §§ 2703.1, 3304, 4703, they fail as a matter of law.

Moreover, because no version of the facts would raise a reasonable

expectation that discovery would reveal evidence of the necessary elements for a

section 1983 claim against Defendant, affording Plaintiff leave to amend the

complaint would be futile.  Glenn v. McGrady, 2014 U.S. Dist. LEXIS 32201,

*15-16 (M.D. Pa. 2014) (Kane, J.) ("Leave to amend rests in the discretion of the

court and may, when justice so requires, be denied if the court finds '...futility of

amendment....'") (quoting Forman v. Davis, 371 U.S. 178, 182 (1992); Oran v.

Stafford, 226 F.3d 275, 291 (3d Cir. 2000)).

## IV.   **CONCLUSION**

Plaintiff's complaint fails to state a valid cause of action under section 1983

and thus, will be dismissed with prejudice.[5]  Leave to amend will be denied as

futile.  A separate Order will be issued.


Dated:  May 12, 2015                                    /s/ William J. Nealon
                                                        **United States District Judge**

---

5.    Although John E. Wetzel is the only Defendant named in the caption of
      Plaintiff's complaint, he also references in his complaint and supplement the
      following SCI-Greene employees: Robert Gilmore, Superintendent at SCI-
      Greene; "Deputy Mr. Dielsanders;" "Deputy Mr. Zanka;" "Major Mr.
      Leggett;" and "Mr. Michael Ivan, D-Block Unit Manager."  (Doc. 1, pp. 3,
      4); (Doc. 9, p. 5).  However, in addition to failing to properly name these
      SCI-Greene employees as Defendants, Plaintiff does not allege any facts
      that these individuals were personally involved in the alleged violation of
      his rights.  Furthermore, as a result of Defendant Wetzel being dismissed
      from this action, even if Plaintiff had properly named the aforementioned
      SCI-Greene employees as Defendants and sufficiently alleged a cause of
      action against them, this Court would not be the proper venue under 28
      U.S.C. § 1391(b).